UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOY DAVIS AND JAMES DAVIS,

    Plaintiffs,

v.

VENTURE ONE CONSTRUCTION, INC.,
ET AL.,

    Defendants.
_____/

Case No. 06-11950

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT VENTURE ONE CONSTRUCTION, INC.'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 56 [65]**

This is a negligence action brought by Plaintiff Joy Davis,[1] an employee of Pilot Travel Centers LLC at its facility in Monroe County, Michigan. Pilot Travel entered into a construction contract with Defendant Venture One Construction, Inc. ("Venture One") to do some remodeling at the facility. During construction under that contract, Plaintiff was injured at her workplace. She was retrieving a broom and dustpan from a work area when a door that was temporarily removed and stored in that area during construction fell on her back. Plaintiff alleges that Defendant Venture One is directly liable to her because it breached its duty of due care owed her and caused her injuries. (Pl.'s 1st Am. Compl., ¶¶ 13(a)-(e).) Plaintiff also alleges that Defendant is liable for her injuries because they result from Defendant's failure to reasonably exercise its supervising and coordinating authority

---

[1]Plaintiff James Davis's loss of consortium claims are purely derivative of his wife's negligence claims. Accordingly, the Court will use the term Plaintiff in the singular when referring to Joy Davis's negligence claims.

over the job site and its subcontractor James Blank, proprietor of JDB Design.[2] (Pl.'s 1st Am. Compl., ¶ 13(f).)

This matter is now before the Court on Defendant Venture One's post-remand motion for summary judgment. Defendant's motion is DENIED because genuine issues of material fact remain for trial.

## I.    Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A moving party may meet that burden "by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). When the moving party has met its burden under rule 56(c), "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike County Bd. Of Education*, 286 F.3d 366, 370 (6th Cir. 2002).

## II.    Analysis

This matter comes before the Court on remand from the Sixth Circuit Court of Appeals. In *Davis v. Venture One Construction, Inc.*, 568 F.3d 570 (6th Cir. 2009), the

---

[2]A default judgment has been entered against Jim Blank in this action.

Sixth Circuit reversed this Court's earlier decision concluding that "Venture One had no duties toward Davis arising from its contract with her employer." *Id.* at 572. The *Davis* court held that "[a] duty to act with due care is owed by a contracting party to third parties at risk of reasonably foreseeable harm stemming from the performance of the contract." *Id.* at 576. It determined that summary judgment should not have been granted because Plaintiff had presented evidence that raised a genuine issue of material fact on the element of duty:

> [Davis] presents evidence that, while construction was taking place, an original door was unhinged, removed, and leaned upright against a wall in a backroom. The backroom was outside of the construction zone. Pilot employees accessed this backroom on a regular basis as part of their work. Unhinged doors should have been stored outside near the dumpster so as to be away from Pilot employees and members of the general public. The door was moved by James Blank, proprietor of JDB Design and a subcontractor chosen by Venture One, and his employee and leaned, unsecured and upright, in the backroom. Blank testified that he did not move it out to the dumpster because it was to be used at a later time and that Ellis [employee of Venture One] was aware that the door was stored there. Ellis testified that he did not know about the door, but if such a door was stored in the way that it was, he would have recognized it as a safety hazard. In short, persons working for Venture One increased the risk of physical injury outside of the construction zone to nearby Pilot employees which it did not remedy. Therefore, a duty of due care to Pilot employees from Venture One arose after persons working for Venture One stored the door and left it leaning there.

*Id.* at 576.

Rejecting this Court's earlier decision, the *Davis* court clarified that "[c]ommon law duties in tort are determined <u>without regard to contractual duties</u>." *Id.* at 577 (emphasis added). It concluded that, "viewing the facts in the light most favorable to Davis, the contractor created the hazard when persons working for it leaned and left the door unsecured in an area outside the construction zone that it was aware that employees of

3

Pilot used." *Id.*

Applying Michigan law, the Sixth Circuit also determined that "Blank was Venture One's servant" as opposed to an independent contractor. *Id.* at 572, n.2. This distinction is important. As the *Davis* court observed, "[a]n independent contractor, contrasted with a servant, is 'not subject to control of his employer as to the means by which the result is to be accomplished, but only as to the result of the work.'" *Id.* (quoting *Utley v. Taylor & Gaskin, Inc.*, 9 N.W.2d 842, 846 (Mich. 1943)). With this distinction in mind, the *Davis* court concluded that "[a]mple evidence exists that Ellis, if unsatisfied with the way Blank stored the door, could and should have dictated a different method of storage." *Id.*

Defendant Venture One's post-remand motion argues that it is entitled to summary judgment on Plaintiff's claims that it is directly or vicariously liable for her injuries because (1) the risk of harm to Plaintiff was not foreseeable; (2) it did not authorize Blank to place the door where he did and thus he was acting outside the scope of his employment; and (3) Plaintiff has not presented any evidence on causation. Venture One also argues that it cannot be held liable on Plaintiff's claims that it negligently supervised Blank because Blank was an independent contractor. Finally, Venture One argues that it is entitled to summary judgment as to Plaintiff's claims for non-economic damages because Plaintiff was more than 50% at fault and thus cannot recover non-economic damages under Michigan law. Plaintiff presents persuasive arguments to the contrary.

As to Plaintiff's negligent supervision claim, the Sixth Circuit determined that Blank was Venture One's servant; not an independent contractor. *See Davis*, 568 F.3d at 572, n.2. The issue presented a question of law that was necessarily decided by the Sixth

Circuit. *See Wight v. H. G. Christman Co.*, 221 N.W. 314, 316 (Mich. 1928). Accordingly, Venture One's reliance on Michigan decisions addressing the liability of a contractor for the negligence of an independent contractor is misplaced. "Because this case was remanded from the Sixth Circuit, this Court must proceed in accordance with the mandate and law of the case as established by the appellate court." *DXS, Inc. v. Siemens Med. Sys., Inc.*, 991 F. Supp. 859, 862 (E.D. Mich. 1997) (internal quotation marks and citations omitted). "The Supreme Court's interpretation of the [law-of-the-case] doctrine is that when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case. The doctrine protects parties from having to re-litigate issues decided in prior stages and assures that inferior courts obey the law established by superior courts." *Id.* (internal quotation marks and citations omitted). As the Sixth Circuit previously observed, when the facts are viewed in the light most favorable to Plaintiff, Defendant Venture One "created the hazard <u>when persons working for it</u> leaned and left the door unsecured in an area outside the construction zone that it was aware that employees of Pilot used." *Id.* at 577 (emphasis added). The *Davis* court also determined that "[a]mple evidence exists that Ellis, if unsatisfied with the way Blank stored the door, could and should have dictated a different method of storage." *Id.* at 572, n.2.[3]

---

[3]Even if the law-of-the-case doctrine does not apply, Defendant Venture One's cannot rely on *Reeves v. Kmart Corp.,* 582 N.W.2d 841 (Mich. Ct. App. 1998), to support an argument that it cannot be held liable for its alleged negligent supervision of Blank. In *Reeves*, the Michigan Court of Appeals recognized that "The general rule is that an employer of an independent contractor is not liable for the contractor's negligence. *Bosak v. Hutchinson*, 375 N.W.2d 333 (Mich. 1985). . . . However, the Supreme Court has provided two exceptions to this general rule. A party may be liable for the negligence of an independent contractor where the party retains and exercises control over the contractor or where the work is inherently dangerous." *Id.* at 844. There is ample evidence here that former Venture One employee Brian Ellis retained and exercised control over Blank. Thus,

5

As to Plaintiff's additional claims of Venture One's liability for negligence and non-economic damages, Defendant Venture One is not entitled to summary judgment. Viewing the evidence in the light most favorable to Plaintiff, genuine issues of material fact exist on the questions whether (1) the risk of harm to Plaintiff was foreseeable (Rice Dep. at 23-24, 36-41; Def.'s Ex. G, photographs; Kovach Dep. at 39-44; Ellis Dep. at 48-49, 52, 54; Holt-Hoffert Dep. at 8, 10, 19-20, 24); (2) whether Venture One's employee Brian Ellis was aware of where and how the door was stored (Blank Dep. at 31, 48-49; Rice Dep. at 42-44, 47; Holt-Hoffert Dep. at 24, 47); (3) the manner and placement of the door proximately caused Plaintiff's injuries; and (4) Plaintiff was more than 50% at fault for her injuries. (Pl.'s Dep. at 52-56; Blair Dep. at 14-16, 22-23; Rice Dep. at 20, 36-38, 46, 48-50; and above cited testimony.)

Finally, the Court addresses Defendant's claim that, even if Blank is properly recognized as its servant, it cannot be held vicariously liable for Blank's negligence because Blank was not acting within the scope of his employment when he temporarily removed and stored a door in a storage area during construction. The decisions Defendant cites refute rather than support its argument. They hold that "[u]nder the doctrine of respondeat superior, an employer may be vicariously liable for the acts of an employee committed within the scope of his employment." *Helsel v. Morcom*, 555 N.W.2d 852, 855 (Mich. Ct. App. 1996). Likewise, an employer may be vicariously liable for the acts of an employee if "the employee acted within . . . the apparent scope of his employment." *Green v. Shell Oil Co.*, 450 N.W.2d 50, 53 (Mich. Ct. App. 1989). More importantly, they

---

there is ample evidence that this exception to the general no-liability rule would apply.

recognize that "[g]enerally, the trier of fact determines whether an employee was acting within the scope or apparent scope of his employment." *Id.* Despite Defendant's arguments to the contrary, Plaintiff has presented evidence suggesting that Blank was acting within the course of his employment when he temporarily removed and stored a door in a storage room. Because genuine issues of material fact exist on this question, Defendant's motion for summary judgment on Plaintiff's claim of vicarious liability is denied.

## III. Conclusion

For the above-stated reasons, Defendant Venture One's motion for summary judgment is DENIED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: March 31, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2010, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager